**42**

**JIAN CONG ZHANG, Petitioner,**

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES, Respondent.**

No. 03–41028–ag.

United States Court of Appeals, Second Circuit.

July 24, 2006.

Jian Cong Zhang, pro se, East Islip, NY, for Petitioner.

Kenneth L. Wainstein, United States Attorney for the District of Columbia, Madelyn E. Johnson, Heather R. Phillips, Assistant United States Attorneys, Washington D.C., for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. JOSÉ A. CABRANES, Hon. ROSEMARY S. POOLER, Circuit Judges.

## SUMMARY ORDER

Jian Cong Zhang, a citizen of China, appeals from the BIA's order dismissing his appeal from Immigration Judge ("IJ") Alan Vomacka's order denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA does not adopt the decision of the IJ to any extent, this Court reviews only the decision of the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005); *Jin Yu Lin v. U.S. Dep't of Justice,* 413 F.3d 188, 191 n. 4 (2d Cir. 2005). This Court reviews the agency's factual findings under the substantial evidence standard, overturning them only if any reasonable adjudicator would be compelled to conclude to the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir.2004).

The BIA determined that, while the bullying, humiliation, and discrimination that Zhang suffered for three years at middle school was regrettable, such harassment does not rise to the level of persecution. Zhang argues that as a result of his failure to attend high school and his anti-government attitude, he was unable to obtain employment in China. Economic deprivation may constitute persecution under some circumstances, but petitioner must at a minimum offer some proof that he suffered "deliberate imposition of substantial economic disadvantage." *Guan Shan Liao v. U.S. Dep't of Justice,* 293 F.3d 61, 70 (2d Cir.2002). The agency's determination here is supported by substantial evidence, as Zhang failed to submit sufficient evidence into the record to compel a finding that he suffered deliberate and substantial economic disadvantage. Furthermore, Zhang is not *per se* eligible for asylum simply because of any persecution to which his family members were subjected under the family planning policy. *Shao Yan Chen v. U.S. Dep't of Justice,* 417 F.3d 303, 305 (2d Cir.2005).

The BIA also rejected Zhang's claim that he has a well-founded fear of future persecution based on his illegal departure

from China. Criminal prosecution and punishment for illegal departure do not constitute persecution in the absence of evidence that the authorities have a motive other than law enforcement for preventing the departure or punishing of an alien upon return. *See Matter of Sibrun,* 18 I. & N. Dec. 354, 359, 1983 WL 183240 (BIA 1983).

Moreover, the agency reasonably rejected Zhang's claim that he will be sterilized immediately because he previously told government officials that he would have more than three children. *See Jian Xing Huang v. INS,* 421 F.3d 125, 128 (2d Cir. 2005). In the absence of solid support in the record for Zhang's assertion that he will be subjected to forced sterilization, his fear is speculative at best. *Id.* at 129. Because Zhang was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal.

Zhang argues that almost all persons returned to China are severely beaten and tortured while in detention. Although the background reports document cases of torture, they do not compel a finding that it is more likely than not that Zhang will be tortured upon return to China. As a result, the BIA's finding, that Zhang has not established that it is more likely than not he will be tortured, is supported by substantial evidence in the record.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appel-

late Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).